# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JASON LOVIN, individually, and on behalf of all similarly situated persons,<br><br>   Plaintiff,<br><br>v.<br><br>HANCOCK ROOFING & CONSTRUCTION, LLC D/B/A HANCOCK CLAIMS CONSULTANTS<br><br>   Defendant. | CIVIL ACTION NO.<br>_____<br><br>**FLSA COLLECTIVE ACTION COMPLAINT** |

## INTRODUCTION AND NATURE OF THE ACTION

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover unpaid minimum wages and overtime wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by HANCOCK ROOFING & CONSTRUCTION, LLC D/B/A HANCOCK CLAIMS CONSULTANTS (hereinafter referred to as "Hancock" or "Defendant") as Field Technicians.

2. This action challenges Defendant's misclassification of Plaintiff and similarly situated Field Technicians as independent contractors rather than employees. Plaintiff brings this action on behalf of himself and similarly situated

Field Technicians in the United States who worked for Defendant but were classified as independent contractors.

3. During the three year period preceding the filing of this action and continuing to the present (the "Collective Action Period"), Plaintiff and similarly situated Field Technicians who opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("the Collective Action"), allege that they are entitled to recover overtime wages, minimum wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

5. At least one member of the proposed Collective Action is a citizen of a state different from that of Defendant.

6. Plaintiff's claims involve matters of national or interstate interest.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant's headquarters is located in Alpharetta, Georgia.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

-3-

## THE PARTIES

9.    Plaintiff Jason Lovin ("Lovin") is an adult residing in Asheville, North Carolina.

10.   Plaintiff consents to be a party to this action pursuant to 29 U.S.C. § 216(b).

11.   During the Collective Action Period, Lovin was an employee of Defendant within the meaning of the FLSA, but was misclassified as an independent contractor, and was thereby denied minimum wages for all hours worked and overtime wages for hours that he worked in excess of forty hours per week.

12.   Defendant is a limited liability company with its principal place of business located at Alpharetta, Georgia.  Defendant can be served with a summons and copy of this Complaint by delivery process to its registered agent Brad Hancock at 6835 Shiloh Road East, Suite C-10, Alpharetta, GA 30005.

13.   During the Collective Action Period, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and (s).

14.   During the Collective Action Period, Defendant was an employer as defined by 29 U.S.C. § 203(d).

15.   Upon information and belief, Defendant's annual gross volume of

sales made or business done is not less than $500,000.

## FACTS

16. Plaintiff realleges and incorporates by reference the preceding paragraphs.

17. Through its Field Technicians, Defendant provides roof inspection services, ladder assist services, direct inspections of roof damage and tarping services, ("services") to insurance companies nationwide.

18. According to its website, Field Technicians are available to assist its customers within 24-48 hours upon request. In weather catastrophes and emergencies, Field Technician teams traveled across the United States to assist and expedite the services requested.

19. During the Collective Action Period, Defendant employed Plaintiff as a Field Technician from May 2013 to June 2014.

20. As a Field Technician, Defendant directed Plaintiff and the Collective Action Members to perform services to its customers in the United States, including but not limited to, in North Carolina, South Carolina, Texas, New York, Michigan, and Ohio.

21. Consistent with Defendant's policy, pattern, and/or practice, Plaintiff and the Collective Action Members regularly worked in excess of forty hours per

workweek without being paid overtime wages, in violation of the FLSA.

22. Defendant assigned all of the work that Plaintiff and the Collective Action Members performed, and/or has been aware of it. The exact number of claims worked per week, and the locations they traveled to, can be ascertained from Defendant's records.

23. Pursuant to its centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiff and the Collective Action Members, as independent contractors who were exempt from the overtime provisions of the FLSA.

24. Defendant avoided any obligation to pay payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits, as a result of classifying Plaintiff and the Collective Action Members as independent contractors.

25. During the Collective Action Period, Defendant paid Plaintiff and the Collective Action Members a piece rate salary in exchange for each claim processed. Thus, their wages were based on the amount of claims performed, not the amount of hours worked, nor the time they spent traveling to job sites, regardless of whether they worked more or less than forty hours.

26. Plaintiff and the Collective Action Members routinely worked in

excess of 40 hours per week.

27. Plaintiff and the Collective Action Members were not compensated for any time spent traveling to states which required catastrophe services, nor were they compensated for any time spent traveling between job sites.

28. Defendant required Plaintiff and the Collective Action Members to do the following, without reimbursement, in order to work for the company:

    a. Sign a non-negotiable agreement containing various restrictive covenants;

    b. Secure a van to perform the Field Technician job duties;

    c. Form a limited liability company; and

    d. Obtain and pay for workers compensation and liability insurance.

29. During the Collective Action Period, Defendant exerted significant control over Plaintiff's performance of work, including, but not limited to, the following:

    a. Defendant provided Plaintiff with a daily schedule detailing each claim that he needed to complete the following day, and the time he was scheduled to arrive at each job site;

    b. Defendant controlled what days Plaintiff was scheduled to work, and Plaintiff was not free to work as many or as few days per week

      as he wished without penalty;

  c. Defendant dictated the territory Plaintiff was assigned to cover, the type of claims he was required to perform, and the time frame during which he had to perform said work;

  d. Plaintiff had to perform his job pursuant to Defendant's policies and procedures, including, for example, taking pictures at roof inspections in a certain order;

  e. Plaintiff was required to travel out of state with minimal notice to perform services for Defendant;

  f. Defendant required that Plaintiff complete paperwork regarding the work he performed;

  g. Defendant required that Plaintiff wear company-issued shirts and hats, and post a company issued sign on his vehicle; and

  h. If Defendant or its customers were not satisfied with work performed by Plaintiff, it required Plaintiff to return to the job site and correct any deficiency, without compensation.

30. During the Collective Action Period, Defendant also controlled Plaintiff in the following ways:

  a. Plaintiff could not negotiate the amount he was paid by Defendant;

    b. Plaintiff could not negotiate the agreement he was required to sign to work for Defendant;

    c. Defendant dictated the price it would charge the customers, and Plaintiff could not bill the customer for work he performed, or perform any additional work for the customer;

    d. Defendant did not permit Plaintiff to hire other workers to assist him with his work; and

    e. During Plaintiff's employment, and one year after his employment ended, Defendant did not permit Plaintiff to perform work for any of its competitors.

31. During the Collective Action Period, Plaintiff worked for Defendant three to seven days a week, ten to twelve hours a day.

32. The work performed by Plaintiff and the Collective Action Members required little skill and minimal capital investment. Plaintiff did not possess any specialized skill before he worked for Defendant, and was provided with training regarding how to perform the assigned duties.

33. During the Collective Action Period, the work Plaintiff performed for Defendant was an integral part of its business. Upon information and belief, Defendant received the majority of its revenue from the work performed by

Plaintiff and other similarly situated Field Technicians.

34. During the Collective Action Period, Defendant failed to make, keep, and preserve records of Plaintiff's work hours pursuant to the FLSA.  As a result of Defendant's failure to make, keep, and preserve records of Plaintiff's hours of work, such records either do not exist or are insufficient to determine wages, hours, and other conditions of employment.

35. Upon information and belief, Defendant did not perform a person-by-person analysis of Plaintiff's and the Collective Action members' job duties when making the decision to classify them, and other similarly situated Field Technicians, as independent contractors under the FLSA.

36. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA with respect to Plaintiff and the Collective Action members.  This policy and pattern or practice includes, but it is not limited to:

    a. willfully misclassifying Plaintiff and the Collective Action members as exempt from the overtime requirements of the FLSA;

    b. willfully failing to pay Plaintiff and the Collective Action Members minimum wages for off the clock work which Defendant directed them to perform; and

      c. willfully failing to pay Plaintiff and the Collective Action members overtime wages for hours that they worked in excess of 40 hours per workweek.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff, on behalf of himself and all of the Collective Action Members, realleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

38. During the Collective Action Period, Defendant hired Field Technicians similarly situated to Plaintiff who performed the same work for Defendant and were subjected to the same pay practices as Plaintiff.

39. Plaintiff and the Collective Action Members are all victims of the Defendant's common policy and / or plan to violate the FLSA by (1) failing to pay all earned wages; (2) misclassifying Plaintiff and the Collective Action Members as exempt from minimum wage and overtime compensation; (3) failing to provide any wages for "off the clock" work; and (4) failing to provide overtime wages for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

40. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all Field Technicians who are or were

formerly employed by Defendant as Field Technicians throughout the United States during the Collective Action Period.

41. Defendant is liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the Collective Action Members.

42. There are many similarly situated Field Technicians employed by Defendant who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

43. The similarly situated Field Technicians are known to Defendant, are readily identifiable, and can be located through Defendant's records.

44. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff and the Collective Action Members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A collective action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT:
## FLSA MINIMUM WAGE COMPENSATION
### (Brought on Behalf of Plaintiff and All Collective Action Members)

45. Plaintiff, on behalf of himself and all of the Collective Action Members, realleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

46. At all relevant times and continuing to the present time, Defendant's piece rate compensation system did not fully compensate Plaintiff and the Collective Action Members by failing to pay them the applicable minimum wages for all their hours worked as required by Section 206 of the FLSA.

47. Defendant's misclassification of Plaintiff and the Collective Action Members as independent contractors, and Defendant's failure to pay them in accordance with Section 207 of the FLSA, was in willful disregard of the overtime compensation requirements of the FLSA.

48. Defendant's failure to perform a person-by-person analysis of Plaintiff's and the Collective Action members' job duties to ensure that they were properly classified as independent contractors, and its failure to compensate them for off the clock work, was in willful violation of the FLSA to save money. Defendant knew and/or showed reckless disregard for the matter of whether its conduct was prohibited by the Act.  29 U.S.C. § 255(a).

49. As a result of Defendant's FLSA violations, Defendant is liable to Plaintiff and the Collective Action members for minimum wage compensation in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION
**(Brought on Behalf of Plaintiff and All Collective Action Members)**

50. Plaintiff, on behalf of himself and all of the Collective Action Members, realleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

51. At all relevant times and continuing to the present time, Defendant's piece rate compensation system did not fully compensate Plaintiff and the Collective Action Members for all their hours worked for Defendant in excess of forty (40) hours per week as required by Section 207 of the FLSA.

52. Plaintiff and the Collective Action Members were victims of a policy and plan by Defendant to classify them as independent contractors and to deny them overtime compensation required by the FLSA.

53. Defendant's misclassification of Plaintiff and the Collective Action Members as independent contractors, and its failure to pay them in accordance with Section 207 of the FLSA, was in willful disregard of the overtime

compensation requirements of the FLSA.

54. Defendant's failure to perform a person-by-person analysis of Plaintiff's and the Collective Action members' job duties to ensure that they were properly classified as independent contractors, and its failure to compensate them for off the clock work, was in willful violation of the FLSA to save money. Defendant knew and/or showed reckless disregard for the matter of whether its conduct was prohibited by the Act.  29 U.S.C. § 255(a).

55. As a result of Defendant's FLSA violations, Defendant is liable to Plaintiff and the Collective Action Members for unpaid overtime compensation in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Collective Action Members, seek an order or orders providing the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Members, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Collective Action members, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action

through individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. A finding that Defendant's violation of the FLSA was willful and imposing a three-year statute of limitations period for FLSA claims;

d. An award of unpaid minimum wages;

e. An award of unpaid overtime compensation;

f. An award in the amount equal to unpaid minimum wages and overtime compensation as liquidated damages;

g. An award of pre-judgment and post-judgment interest;

h. An award of reasonable attorneys' fees and costs; and

i. Other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this 23rd day of February, 2015.

/s/ Edward D. Buckley
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleylawatl.com

-16-

THE BUCKLEY LAW FIRM, LLC
Promenade, Suite 900
1230 Peachtree Street, NE
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

*Attorneys for Plaintiff and Putative Collective*

-17-

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D of the Local Rules for the United States District Court for the Northern District of Georgia, I hereby certify that the foregoing has been prepared in Times New Roman, 14 point font, as required by Local Rule 5.1.

                                          Respectfully submitted,

                                          /s/ Edward D. Buckley
                                          Edward D. Buckley
                                          Georgia Bar No. 092750