IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JASON LOVIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:15-CV-00540-ELR |
| | * | |
| HANCOCK ROOFING & | * | |
| CONSTRUCTION LLC D/B/A/ | * | |
| HANCOCK CLAIMS | * | |
| CONSULTANTS and BRAD | * | |
| HANCOCK, individually, | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**ORDER**

_____

Plaintiff Jason Lovin seeks conditional certification of a collective action on behalf of himself and other similarly situated employees of Defendants Hancock Roofing & Construction LLC and Brad Hancock. For the reasons stated herein, the Court grants Plaintiff's Motion for Conditional Certification and Court-Facilitated Notice.

**I.   Background**

Defendant Brad Hancock is the President and sole owner of Defendant Hancock Roofing & Construction, LLC ("Hancock Roofing"). Hancock Roofing is

a roof inspection company that provides ladder-assist roof inspections and other services as part of the insurance-adjusting claims process. Plaintiff alleges that he and others were hired as "Field Technicians" to conduct these inspections and Defendants uniformly classified all Field Technicians as independent contractors.

Plaintiff originally brought this action on February 23, 2015, and amended his complaint on March 25, 2015. Plaintiff asserts claims for minimum wage compensation and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on behalf of himself and all Collective Action Members. Plaintiff alleges that he performed Field Technician services in various states; that he regularly worked in excess of forty hours per workweek without overtime wages; and that he was not compensated for travel time. Eighteen other Field Technicians have submitted declarations containing similar allegations.

On May 8, 2015, Defendants moved to dismiss Plaintiff's complaint, which the Court denied. (Doc. Nos. 15 & 30.) On January 21, 2016, Plaintiff moved for equitable tolling of the FLSA Collective Action Members' claims, which the Court also denied without prejudice, finding that such claims were better assessed on an individualized basis. (Doc. Nos. 29 & 39.) Thereafter, the Court issued a Scheduling Order allowing for limited discovery on the conditional certification issue. (Doc. No. 44.)

Plaintiff now seeks conditional certification of a collective action pursuant to 29 U.S.C. § 216(b). Specifically, Plaintiff moves the Court (1) to certify a conditional class of all persons who worked for Hancock Roofing as a Field Technician from February 23, 2012, to the present; (2) to require Defendants to submit a list of putative class members; and (3) to authorize notice to potential opt-in Plaintiffs of their right to opt-in to the collective action. (Doc. No. 64.)

## II. The Parties' Briefs

At the outset, Defendants in this case filed two separate response briefs in opposition to Plaintiff's motion for conditional certification. Defendant Hancock Roofing's brief totals twenty-five (25) substantive pages and presents little factual background but several legal arguments. By contrast, Defendant Brad Hancock, who is represented by the same counsel as Defendant Hancock Roofing, filed a brief that totals twenty-five (25) pages and contains a great deal of factual background with almost no legal argument, aside from one line indicating that Mr. Hancock adopts the legal arguments made by Defendant Hancock Roofing. Defendants have creatively circumvented the Court's Local Rules, which limit briefs to twenty-five (25) pages, by filing one brief on the legal issues and one brief on factual issues. LR 7.1D, NDGa. Defendants have in essence filed a fifty (50) page response brief without leave of Court. This is plainly improper. And while the Court will stop short of striking both response briefs, Defendants are

forewarned that similar attempts to circumvent any of the Court's Rules will not be tolerated in the future.

Further, in the Court's Order on Defendants' Motion to Dismiss, the Court denied without prejudice Defendants' motion as it pertained to the opt-in Plaintiffs' alleged failure to raise the FLSA claims as compulsory counterclaims in an earlier Fulton County, Georgia proceeding. Specifically, the Court indicated that "the best course of action is to defer consideration of this issue until such a time that the nature of the class, *if conditional certification is granted*, can be determined." (Doc. No. 30 at 11 (emphasis added).) Despite the Court's clear direction, Defendant Hancock Roofing raises the compulsory counterclaim issue again.

Plaintiff is not innocent here either. As the Court indicated in its Order denying Plaintiff's Motion for Equitable Tolling, the Court will not apply a blanket ruling as to all potential collective actions members regarding equitable tolling. (Doc. No. 39.) Instead, the Court instructed Plaintiff that it would address the issue on an individual basis. Even so, Plaintiff has renewed his motion for equitable tolling in his briefing. While the Court in no way limited the parties' rights to file motions for reconsideration on its prior rulings, reasserting arguments in this fashion is improper. The Court strongly encourages all parties to thoroughly review the Court's directions, the undersigned's Instructions (Doc. No. 58), and the Local Rules of the Court in the future.

### III. Legal Standard

"The FLSA authorizes collective actions against employers accused of violating the FLSA." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). In order to maintain a collective action, Section 216(b) requires the plaintiffs to demonstrate that they are "similarly situated." 29 U.S.C. § 216(b); Morgan, 551 F.3d at 1258. "To determine whether a collective action is warranted pursuant to § 216(b), a district court may follow a two-stage process." Lawson v. Bell South Telecomms., Inc., No. 1:09-CV-3528-JEC, 2011 WL 3608462, at *3 (N.D. Ga. Aug. 16, 2011).

In the first stage of the conditional certification, the Court considers "whether other similarly situated employees should be notified." Morgan, 551 F.3d at 1260. At this stage, the "plaintiff has the burden of showing a 'reasonable basis' for his claim that there are other similarly situated employees." Id. This standard has been described as "not particularly stringent," "fairly lenient," flexib[le]," "not heavy," and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." Id. at 1261 (internal citations and quotations omitted). "Plaintiffs may satisfy their burden through 'detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary.'" Lawson, 2011 WL 3608462, at *3 (quoting Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996)).

The Eleventh Circuit has declined "to draw bright lines in defining similarly," but has "explained that as more legally significant differences appear amongst the opt-ins, the less likely it is that the group of employees is similarly situated." Morgan, 551 F.3d at 1261. "To warrant conditional certification in the first stage, a court 'should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly' situated with respect to their job requirements and with regard to their pay provisions.'" Lawson, 2011 WL 3608462, at *4 (quoting Morgan, 551 F.3d at 1259). Stated differently, "courts determine whether employees are similarly situated—not whether their positions are identical." Morgan, 551 F.3d at 1260.

"The second stage imposes a greater burden on the plaintiff to prove similarity. When discovery is over or nearly complete, the employer may file a motion for decertification." Lawson, 2011 WL 3608462, at *4 (internal citation omitted). "At this point, the district court has a much thicker record than it had at the notice stage, and can therefore make a more informed factual determination of similarity." Morgan, 551 F.3d at 1261 (internal citation omitted). During this second stage, the Court "reassesses its initial certification decision based on a more comprehensive factual record." Lawson, 2011 WL 3608462, at *4.

## IV. Discussion

*A.   Motion to Conditionally Certify the Class*

"Plaintiff[] [is] entitled to conditional certification of a collective action if [he] can show there are other employees: (1) who wish to opt-in and (2) who are similarly situated in their job requirements and pay provisions." Lawson, 2011 WL 3608462, at *4.

The first requirement is easily met where, as here, at least twenty-four Field Technicians have filed written consents to opt-in to this action. See id. (finding the first requirement met where thirty-eight of the defendant's field managers filed written consents to opt-in to the suit); see also Stevenson v. Great Am. Dream, Inc., No. 1:12-CV-3359-TWT, 2013 WL 4217128, at *2 (N.D. Ga. Aug. 14, 2013) (finding that the plaintiffs had a reasonable basis for their claim that other entertainers would want to opt-in to the lawsuit where one consent was filed during the briefing of the motion for conditional certification).

Similarly, Defendants do not dispute that they classify Field Technicians as independent contractors and that Field Technicians are paid on a per project, rather than hourly, basis. (Brad Hancock Affidavit at ¶ 6, Doc. No. 67-1.) Accordingly,

7

the key issue before the Court is whether the putative class members share similar job requirements.[1]

The Court finds that Plaintiff has satisfied his minimal, initial burden to show that there are other Hancock Roofing employees with similar job requirements.[2] Plaintiff, through the various declarations filed by Field Technicians, provides as follows:

- The Field Technicians inspected roofs relating to size, type, and damage; assisted claim adjusters to access roofs; and assisted in securing roof tarps. (Doc. No. 64, Exs. C–T at ¶ 6.)
- The work performed by the various Field Technicians required little specialized technical skill or capital investment. (Id. at ¶ 19.)
- The Field Technicians were required to report to a Hancock Regional Field Manager. (Id. at ¶ 7.)
- The Field Technicians were required to comply with Defendants' policies and procedures relating to roof inspection, ladder assist services, and tarping services. (Id. at ¶ 8.)
- The Field Technicians were required to wear a particular uniform and were not allowed to have bumper stickers on their vehicles. (Id. at ¶ 17.)
- The Field Technicians were not paid for time spent training (id. at ¶ 11) and were paid on a piece rate basis in exchange for each claim processed (id. at ¶ 13).
- The Field Technician's job duties did not require that the technician engage any other person for assistance, aside from possibly another Field Technician. (Id. at ¶ 25.)

---

[1] Defendants attempt to argue, in terms of pay scale, that the *amount* of pay received by the various opt-in Plaintiffs is grossly different from Plaintiff Jason Lovin. This distinction is immaterial at this stage, as there is no indication that it pertains to the similarity of jobs rather than the number of projects worked by an individual plaintiff.

[2] The Court provides an important caveat here. A number of the factual allegations relate directly to whether the Field Technicians were properly classified as independent contractors. The Court's recitation of the facts contained herein shall not be construed as findings of fact in that respect.

Additionally, Plaintiff and the various opt-in Plaintiffs indicate that they were all classified as independent contractors and were required to form their own limited liability company. (Id. at ¶¶ 16 & 18.)

Defendants make five legal arguments against certification that can be grouped into two categories.

First, Defendants raise a number of merits-based defenses in regard to several of the opt-in Plaintiffs to argue that they are not similarly situated. The three merits-based arguments raised are that (1) several Plaintiffs took inconsistent positions in prior litigation and are therefore judicially estopped here; (2) several Plaintiffs failed to raise the FLSA claims as compulsory counterclaims in earlier litigation; and (3) a few opt-in Plaintiffs' claims are barred by the two year statute of limitations for FLSA claims.[3] These arguments are easily disposed of during the first stage of conditional certification. Indeed, this Court routinely holds that merits-based defenses are not relevant to the first stage of conditional certification. See, e.g., Jewell v. Aaron's, Inc., No. 1:12-cv-0563-AT, 2012 WL 2477039, at *5

---

[3] "Although the ordinary statute of limitations in cases brought under the FLSA is two years, a cause of action arising out of a willful violation of the FLSA may be commenced within three years after the cause of action accrued." Allen v. Bd. of Public Educ. For Bibb Cty., 495 F.3d 1306, 1323 (11th Cir. 2007). Defendants argue that there has been no showing of any willful conduct by Defendants to justify a three-year statute of limitations. However, the applicable statute of limitations will be an individualized inquiry that will undoubtedly be raised as a defense in later proceedings. Accordingly, the Court finds that the applicable statute of limitations is not appropriately addressed at this stage.

9

(N.D. Ga. June 28, 2012) (finding that the defendant's objections went to the merits of the underlying claims and are therefore more appropriately considered during the second stage of certification); Scott v. Heartland Home Finance, Inc., No. 1:05-cv-2812-TWT, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006) (finding that consideration of possible defenses to individual claims, such as whether certain putative class members signed releases in Department of Labor settlements, was not appropriate at the first stage of conditional certification).

Second, Defendants argue that critical differences exist between Plaintiff and other Field Technicians in terms of the geographic scope, extent of travel, length of employment, amount of time spent performing inspections, number of jobs accepted and performed, and amount of pay. Plaintiff does not dispute that a number of differences exist; indeed, "[i]f one zooms in close enough on anything, differences will abound[.]" Frank v. Golden Plump Poultry, Inc., No. 04-CV-1018(PJS/RLE), 2007 WL 2780504, at *4 (D. Minn. Sept. 24, 2007). These differences, however, do not alter the Court's conclusion regarding whether Plaintiff was similarly situated to the other Field Technicians. Defendants do not dispute that Field Technicians inspected roofs relating to size, type, and damage; assisted claim adjusters to access roofs; and assisted in securing roof tarps. Nor do Defendants dispute that they classified all Field Technicians as independent contractors. In fact, Defendant Brad Hancock's response brief repeatedly details

the work of the "independent contractors" and refers to them collectively. See, e.g., Doc. No. 67 at 4–7 ("They also determine and document the extent of the damages, making chalk marks and taking series of photographs;" "[B]ecause these independent contractors are doing roof inspections that not only identify the nature of the damage but the extent of the damage;" "In all cases, the jobs are scheduled by the insurance carriers in coordination with the property owners and the roof inspection subcontractor."). The Court expresses no opinion as to the veracity of these statements, as they may prove instrumental in any independent contractor analysis. At this stage, the Court merely finds that Plaintiff Jason Lovin was similarly situated to other Field Technicians. See Lawson, 2011 WL 3608462, at *7 ("Differences in individual factual and employment settings are generally a consideration for the second stage when discovery is complete and the Court has more information to evaluate."); Scott, 2006 WL 1209813, at *3 ("[V]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at this stage."; "[T]he Court declines to resolve factual issues or make credibility determinations at [the notice] stage."); Kreher v. City of Atlanta, No. 1:04-cv-2651-WSD, 2006 WL 739572, at *4 n. 8 (N.D. Ga. Mar. 20, 2006) (finding conditional certification appropriate where the plaintiffs alleged that "many employees were subject to common policies which violated the FLSA" and that "[t]he Court will consider whether the

11

individualized nature of their claims requires decertification of the class at the appropriate time during the second stage of the analysis.").

Accordingly, the Court finds that Plaintiff has "submitted sufficient evidence at the notice stage to establish, based on the fairly lenient standard, that [Field Technicians] employed by [Defendants] are 'similarly situated' for purposes of conditionally certifying the collective action." Scott, 2006 WL 1209813, at *4. "Should [Defendants] move for decertification following discovery, the Court will revisit the certification issue and make a final determination as to whether the similarly-situated requirement has been met. Nevertheless, at this stage, the Court will permit the Plaintiff[] to send notice of opt-in rights to potential members of the class." Id.

B. *Plaintiff's Proposed Notice*

Plaintiff submitted a proposed Court-ordered notice, to which Defendants raise a number of objections.

First, Defendants argue that any notice or class should be limited to "CAT" inspectors only. As explained by Defendant Brad Hancock, CAT inspectors frequently worked out of state on catastrophe sites, whereas most other Field Technicians worked closer to their homes, and CAT inspectors would handle many roof inspections per day as opposed to a more consistent schedule. The Court finds, at the notice stage and for the same reasons as detailed above, the distinction

12

between the amount of travel required or the number of inspections per day immaterial to whether the job functions were essentially the same. Defendants may revisit this issue upon any motion for decertification of class following discovery.

Next, Plaintiff's proposed notice indicates that Field Technicians who worked for Defendants at any time from February 23, 2012, through the present might be entitled to recover in this lawsuit. Plaintiff presumably selected this date because it is three years from the date he filed his complaint. Defendants suggest that any notice should only run two or three years back from any order granting conditional certification. Given Plaintiff's argument that Defendants' actions were willful and that a number of putative class members may be entitled to equitable tolling, the Court finds the February 23, 2012, date to be a reasonable compromise.

Third, Defendants argue that a nationwide class is overly broad, and the geographic scope should be limited to those states in which any remaining opt-in Plaintiffs worked after appropriate dismissals for judicial estoppel, res judicata, and statute of limitations. Defendants again miss the mark. The question of notice does not take into account individualized defenses. Defendants may certainly raise these issues with regard to particular opt-in Plaintiffs, when appropriate. For now, the Court finds that Plaintiff has presented a reasonable basis for finding that Field Technicians nationwide are similarly situated. As Defendants acknowledge, there were approximately 180 Field Technicians, and presently before the Court are over

twenty opt-in Plaintiffs who worked in more than a dozen states. Accordingly, the Court finds that a nationwide class is warranted. See Bradford v. CVS Pharmacy, Inc., No. 1:12-cv-1159-TWT, 2013 WL 425060, at *4 (N.D. Ga. Feb. 4, 2013) (finding that a nationwide class was appropriate where declarations from opt-in plaintiffs represented eight of forty-one potential states); Carrera v. UPS Supply Chain Solutions, Inc., No. 10-60262-CIV, 2011 WL 1303151 (S.D. Fla. Mar. 31, 2011) (conditionally certifying a nationwide class where the thirty-one opt-in plaintiffs worked at six warehouses in five states).[4]

Fourth, Defendants argue that Section III of the notice should indicate that if Plaintiffs lose, they could be liable for a Bill of Costs and that they will likely be individually deposed under penalty of perjury. However, the Court finds the reasoning of Ingram v. Coach USA, Inc. persuasive on this point:

> [T]he Court declines to require that the notice explicitly advise the opt-in plaintiffs that they could be required to pay the costs of litigation if the case were resolved against them. First, the notice serves as a means to identify those who believe that they have been injured by the defendants' overtime policy and to give them a forum to pursue their potential claims. The decision to actually pursue the claim can be made after the opt-in plaintiff consults with counsel and counsel advises him/her of their duties and obligations. Second, the proposed notice already states that counsel is being paid on a contingency basis . . . and plaintiff's counsel are obligated to explain what this means to each plaintiff.

---

[4] Of note, both Bradford and Carrera were ultimately decertified in the second stage, which reinforces the fact that the Court is to address conditional certification and notice with leniency, and take a harder look at the factual circumstances following discovery.

No. 06-3425 (KSH), 2008 WL 281224, at *8 (D.N.J. Jan. 28, 2008). Accordingly, the Court overrules Defendants' objection regarding costs.

Fifth, Defendants object to electronic or online consent or any website controlled by Plaintiff's counsel being referenced or used in this case. Defendants contend that the Court would have no control over any such website and that a website may not be presented in a neutral fashion. The Court disagrees and will allow Plaintiff's counsel to use a website to inform similarly situated persons of their right to join this litigation. However, the notice on the website *must* mirror any notice ultimately approved by the Court. See <u>Destin v. World Financial Group</u>, No. 1:13-cv-1092-CAP, Order at 4, Doc. No. 211 (N.D. Ga. Apr. 9, 2015) (approving notice that allowed the potential opt-in plaintiffs to join online by going to a website and electronically signing the consent form).

The remainder of Defendants' objections relate to phrasing:

- Defendants object to the bolded sentence on page one of the proposed notice: "You may have the right to recover wages for work you performed by joining a collective action lawsuit." (Doc. No. 64-22 at 2.)

- Defendants object to a paragraph on the second page of the notice, which summarizes the claims in the lawsuit.

- Defendants object to Section VI, which indicates that federal law prohibits Hancock Roofing from retaliating or discriminating against potential opt-in plaintiffs.

- Defendants object to the language in the Consent Form.

15

Plaintiff's counsel indicate that they are willing to confer with Defendants' counsel to discuss these objections. The Court appreciates counsel's willingness to meet and confer on phrasing issues. As to these remaining objections, the Court directs the parties to meet and confer and submit, within fourteen days of this order, an agreeable notice and consent form. Should the parties remain unable to agree, Plaintiff is to file a proposed notice and consent form and Defendants will have five (5) days to object. Any objections will be limited to three (3) pages. Any response by Plaintiff to objections shall be due within three (3) days and will also be limited to three (3) pages.

C.  *Summary*

The Court finds that Plaintiff has met his burden of showing "there are other employees: (1) who wish to opt-in and (2) who are similarly situated in their job requirements and pay provisions." Lawson, 2011 WL 3608462, at *4. Accordingly, the Court grants Plaintiff's motion for conditional certification. The class shall be defined as follows:

> All persons who worked for Hancock Roofing & Construction, LLC d/b/a Hancock Claims Consultants, as a Field Technician (also called Service Technician) from February 23, 2012 through the present.

V.  **Conclusion**

The Court **GRANTS** Plaintiff's Motion to Certify Class (Doc. No. 64) and **DIRECTS** Defendants to provide Plaintiff, within twenty-one (21) days of the date

16

of entry of this order, a list, in a commonly used electronic format, of all persons employed by Defendants as Field Technicians from February 23, 2012 to the present including: names, addresses, telephone numbers, dates of employment, locations of employment, and e-mail addresses.

The Court further **OVERRULES** Defendants' substantive objections to the notice and consent form and **DIRECTS** the parties to meet and confer regarding any phrasing objections. The parties shall file a joint proposed notice and consent form within fourteen (14) days of the date of entry of this order. If the parties are unable to agree, Plaintiff shall file a proposed notice and consent form and Defendants shall have five (5) days to file any objections, limited to three (3) pages. Any response by Plaintiff to objections shall be due within three (3) days and will also be limited to three (3) pages. The Court **DIRECTS** the Clerk to **SUBMIT** this matter to the undersigned at the conclusion of fourteen (14) days.

**SO ORDERED**, this 8th day of March, 2017.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia