# EXHIBIT 1

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereinafter referred to as "this Agreement") is made and entered into by and between the Named Plaintiff Jason Lovin and Putative Opt-ins (collectively, the "Plaintiffs"), in *Lovin v. Hancock Roofing & Construction, LLC d/b/a Hancock Claims Consultants, and Brad Hancock,* Case No. 1:15-cv-00540-ELR (N.D. Ga.) ("Hancock FLSA Action"), and Hancock Roofing & Construction, LLC d/b/a Hancock Claims Consultants, and its owner Brad Hancock (collectively "Hancock" or "FLSA Defendants"), and between Hancock Roofing & Construction, LLC, d/b/a Hancock Claims Consultants in *Hancock Roofing & Construction, LLC, d/b/a Hancock Claims Consultants v. Fenn Allen, et al, Civil Action File No. 2014CV253509 in the Superior Court of Fulton County, State of Georgia* ("Fulton Action") and certain Plaintiffs who are still defendants in that Fulton Action ("Fulton Action Defendants")[1], and Brad Hancock and Lori Puentes as counterclaim defendants in the Fulton Action, collectively referred to as the "Parties."

## W I T N E S S E T H

**WHEREAS** Hancock Roofing & Construction, LLC, d/b/a Hancock Claims Consultants, filed suit in 2014 in the Fulton Action against Ladder Now, LLC, Trinity Inspections, LLC, and a number of other defendants alleging, among other things, breach of restrictive covenants and damages arising therefrom, and has previously resolved the claims against Ladder Now, LLC, Russ Carroll, Trinity Inspections, LLC, Anthony Giordano, Stephen Starbuck, Starbuck Inspections and Properties, LLC, Christopher Majors, Absent Theory, LLC, Kenneth Scott Beal and SB Consulting, LLC, and has voluntarily dismissed the claims against Scott James, David Webster, Webster Contracting, LLC, Jason Lovin, JM Lovin, LLC, James Brent Lovin and JB Lovin Tech, LLC, leaving claims pending against the Fulton Action Defendants;

**WHEREAS**, the named Plaintiff filed the Hancock FLSA Action in the United States District Court for the Northern District of Georgia, claiming that FLSA Defendants improperly

---

[1] The following persons and entities comprise the "Fulton Action Defendants:" Joseph Brown; Joseph Brown Jr. Roofing Consultancy; Joe Davis, JLD Sales, LLC; Ron Warren; AJ Warren, LLC; Christopher Gustavson; Gustavson, LLC; Benjamin Sturkie; Sturkie Claims, LLC; Jason Perry; JBDex, LLC; Gregory Drum; GRD, LLC; Fenn Allen; 1 Step, Inc.; Michael Khan; MWK Consulting, LLC; Caleb Allen; CLA Consulting, Inc.; Anthony Miranda; Queen City Roof Consulting Company; Christopher Riley; CSR Roofing Consulting, LLC; Jasen Courtney; Courtney Inspections, LLC; Mark Ostyn; Ostyn Consulting Services, LLC; Daniel Webster; DAW Services, LLC; Ralph Davis Yarber; No Limit Assist, LLC; Sherwood Avery; Avery Claims; Mark Nestor; and Nestor National LA, LLC. For clarity, unless the requirements of Section 5, below, are met, the following persons and entities are *not* parties to this Agreement and are not included herein as "Fulton Action Defendants" or "Parties:" Mark Anglin; Anglin Inspection Consultants, LLC; Barnett Claims Service; Charles H. Earp IV; Rodney Sturkie (hereinafter collectively referred to as the "Unrepresented Parties").

48264073.1

misclassified him as an independent contractor under the Fair Labor Standards Act ("FLSA"), and accordingly, owed him and other allegedly similarly situated classified field technicians minimum wage and overtime compensation;

**WHEREAS,** the court in the Hancock FLSA Action subsequently granted conditional certification of the case as an FLSA collective action, and over 75 individuals filed notices of consent to join the action;

**WHEREAS,** the Parties have negotiated a settlement in good faith and are entering into this Agreement for purposes of settling, compromising and resolving any and all claims, counterclaims, and all causes of action alleged or which could have been alleged in both the Hancock FLSA Action and the Fulton Action so as to end all their disputes in the pending litigations;

**NOW, THEREFORE,** in consideration of the premises and mutual promises herein contained, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties expressly agree, knowingly and voluntarily, as follows:

1. <u>No Admission of Liability</u>: This Agreement is in no way an admission by any of the parties that they have acted wrongfully with respect to any other party. FLSA Defendants specifically disclaim and deny any liability to, or wrongful acts against, the Named Plaintiff, any putative or opt-in Plaintiffs, or any other person, on the part of themselves or their agents. The Fulton Action Defendants specifically disclaim and deny any liability to, or wrongful acts against, Hancock Roofing & Construction, LLC. Hancock Roofing & Construction, LLC, Brad Hancock and Lori Puentes specifically disclaim and deny any liability to the Fulton Action Defendants as to any counterclaims filed in the Fulton Action.

2. <u>Settlement Payment</u>: Subject to the terms of this Agreement, Plaintiffs' counsel, on behalf of Plaintiffs, have agreed to accept from Defendant Hancock Roofing & Construction, LLC, a single combined payment of the amount of **$910,000**, inclusive of attorneys' fees and costs (the "Settlement Payment"), in settlement and full satisfaction and release of all claims against the FLSA Defendants asserted by Plaintiffs and of all counterclaims asserted by Plaintiffs alleged against Hancock Roofing & Construction, LLC, Brad Hancock and Lori Puentes in the Fulton Action.

3. <u>Allocation of Settlement Payment in the Hancock FLSA Action</u>: After Plaintiffs provide the FLSA Defendants an executed original of this Agreement, or an executed copy of this Agreement transmitted by facsimile or e-mail, and within 10 days after the Court has reviewed and approved this Agreement, Defendant Hancock Roofing & Construction, LLC, agrees the Settlement Payment shall be allocated and paid to Plaintiffs in the amounts set forth below in settlement of Plaintiffs' claims against Defendants:

48264073.1

  a. $485,000 in damages and service awards, allocated as follows, all of which will be delivered to Buckley Beal's Trust Account:

    i. Service awards in the amount of $5,000.00 each for Named Plaintiff Jason Lovin and Brent Lovin in recognition to their service to this case. The FLSA Defendants will not oppose such awards. Defendant Hancock Roofing & Construction, LLC, shall issue a 1099-MISC form for these payments. Any Service Awards which are not approved by the Court shall be reallocated by Plaintiffs' counsel to the Plaintiffs accepting the settlement.

    ii. Attached as Exhibit A are the individual damages calculations based on $475,000 in damages. Damages amounts to each Plaintiff and opt-in shall be paid: 50% payable as back wages to each Plaintiff and/or opt-in pursuant to issuance of a W-2 (with all federal and state withholding and employer contributions requirements met); and 50% payable as liquidated damages to Buckley Beal, LLP trust account for the benefit of Plaintiffs pursuant to a 1099 MISC Form.

    iii. Any portion of the $485,000 remaining in the trust account after 90 days after deposit of payment with Buckley Beal will be returned to Defendant Hancock Roofing & Construction, LLC.

  b. $425,000 for attorneys' fees and expenses, paid to "Buckley Beal LLP Trust Account." No deductions or withholding shall be taken from this payment, and Defendant Hancock Roofing & Construction, LLC, shall issue a 1099-MISC form to Buckley Beal LLP for this payment.

  c. Plaintiffs and their counsel will pay their own taxes except to the extent that federal and state law requires withholding and employer contributions.

4.  Dismissal with Prejudice: Subject to the Court's review and approval, and upon payment of the consideration provided for in Sections 2 and 3 above and the receipt of all of the mutual releases provided for under Section 6 below, the Parties will file a Dismissal with Prejudice of all claims—subject to the provisions in Section 5, below—in the two actions (1) *Lovin v. Hancock Roofing & Construction, LLC d/b/a Hancock Claims Consultants, and Brad Hancock* Case No. 1:15-cv-00540-ELR (N.D. Ga.) ("Hancock FLSA Action"); and (2) *Hancock Roofing & Construction, LLC v. Charles H. Earp, IV, et al.*, No. 2014cv253509, Superior Court of Fulton County, State of Georgia ("Fulton Action"), with all Parties to pay their own costs and fees except as otherwise provided herein;

5.  Unrepresented Parties: The claims and counterclaims by and between Hancock Roofing & Construction, LLC, Brad Hancock, Lori Puentes, and the Unrepresented Parties are not waived or released with the execution of this Agreement. The Parties' Dismissal with Prejudice of the Parties' claims,

48264073.1

referenced in Section 4, above, will have no effect on the claims by and between Hancock Roofing & Construction, LLC, Brad Hancock, Lori Puentes, and the Unrepresented Parties. The Unrepresented Parties may, at their discretion, and after having the opportunity to consult with counsel of their choosing respecting the terms therein, execute the release attached as Exhibit C and, by doing so, become a "Fulton Action Defendant" for purposes of that release. For purposes of clarity, Hancock Roofing & Construction, LLC, Brad Hancock, and Lori Puentes are *not* releasing any of the Unrepresented Parties except for an Unrepresented Party who signs Exhibit C.

6. <u>Mutual Releases</u>:

   a. Plaintiffs' counsel will recommend the terms of the Settlement to Plaintiffs, and Plaintiffs shall provide the FLSA Defendants written acceptances and releases executed by Plaintiffs.

   b. FLSA Defendants, Plaintiffs, and Fulton Action Defendants shall execute mutual releases of all claims and counterclaims raised in the federal Hancock FLSA Action and the Fulton Action, and all other claims arising from the performance of services by all parties.

   c. A copy of the form of the release to be executed by Plaintiffs is attached as Exhibit B.

   d. A copy of the form of the release to be executed by the Fulton Action Defendants is attached as Exhibit C.

   e. Subject to and conditioned on the receipt of all releases required to be executed by Plaintiffs and Fulton Action Defendants as set forth in Section 6(a-d) above, Brad Hancock, Lori Puentes, and Hancock Roofing and Construction, LLC, and their successors and assigns, shall and hereby forever release and discharge the Fulton Action Defendants from any and all actions, claims, causes of actions, suits, agreements, promises, proceedings, demands, damages, costs, expenses, and liabilities of any kind or nature whether known or unknown, which Brad Hancock and Hancock Roofing and Construction LLC ever had, now has, or might in the future have against any of the Fulton Action Defendants arising from or based on acts or omissions occurring prior to the execution of this Agreement. This release includes the release of any and all claims brought, or that could have been brought, by the Parties in the Fulton Action, including any claims for monetary damages, equitable relief, sanctions and/or attorneys' fees and costs. For purposes of clarity, Hancock Roofing & Construction, LLC, Brad Hancock, and Lori Puentes are *not* releasing any of the Unrepresented Parties except for an Unrepresented Party who signs Exhibit C.

7. <u>Severability</u>: The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other paragraphs shall remain fully valid and

48264073.1

enforceable. This Agreement shall survive the termination of any arrangements contained herein.

8. <u>Choice of Law and Forum</u>: Should a party to this Agreement bring legal action alleging that another party to this Agreement has breached the Agreement, such litigation shall be filed in Superior Court in Fulton County, Georgia, and decided under Georgia law.

9. <u>Counterparts</u>: This Agreement may be signed in any number of counterparts, each of which is an original and all of which taken together form one single document.

10. <u>Sole and Entire Agreement</u>: This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

By: *Edward D. Buckley*      4/13/2018
**Edward D. Buckley**
**BUCKLEY BEAL LLP**
*On Behalf of Plaintiffs in the Hancock FLSA Action*

By: *Randall D. Grayson*      4/13/2018
**Randall David Grayson**
**DELCAMPO & GRAYSON, LLC**
*On Behalf of Fulton Action Defendants*

By: *Brad Hancock*      4/13/2018
**Brad Hancock, Individually**

By: *Brad Hancock*      4/13/2018
**Brad Hancock as President and CEO of Hancock Roofing & Construction, LLC**

By: *Lori Puentes*      4/13/2018
**Lori Puentes, Individually**

By: *John F. Wymer, III*      4/13/2018
**John F. Wymer, III**
**SHERMAN & HOWARD LLC**

48264073.1

EXHIBIT A
INDIVIDUAL DAMAGES CALCULATIONS

| #  | Name | | Amount |
|----|------|---|--------|
| 47 | Nestor, Mark | $ | 3,626.68 |
| 48 | Niblett, Chris | $ | 1,407.84 |
| 49 | Niven, Frank | $ | 596.09 |
| 50 | Noebel, Austin | $ | 500.00 |
| 51 | Nunes, Jared | $ | 3,228.50 |
| 52 | Osier, Michael | $ | 9,337.90 |
| 53 | Ostyn, Mark | $ | 17,811.30 |
| 54 | Owen, Jordan | $ | 521.90 |
| 55 | Peabody, Harold | $ | 1,516.41 |
| 56 | Perry, Jasen | $ | 12,648.94 |
| 57 | Pledger, Joshua | $ | 500.00 |
| 58 | Renner, Zack | $ | 3,543.83 |
| 59 | Riley, Chris | $ | 1,551.59 |
| 60 | Riley, Josh | $ | 8,477.02 |
| 61 | Roberts, Jesse | $ | 500.00 |
| 62 | Roper, James | $ | 2,043.18 |
| 63 | Schultz, David | $ | 1,690.71 |
| 64 | Shaw, Robert | $ | 500.00 |
| 65 | Solich, Thomas | $ | 500.00 |
| 66 | Sopata, Chris | $ | 5,320.38 |
| 67 | Stewart, Ryan | $ | 500.00 |
| 68 | Sturkie, Ben | $ | 4,470.95 |
| 69 | Trollinger, Matthew | $ | 1,454.71 |
| 70 | Turner, Marcus | $ | 29,995.41 |
| 71 | Valera, Tommy | $ | 21,127.20 |
| 72 | Vieira, Jeferson | $ | 500.00 |
| 73 | Vyborny, Justin | $ | 21,019.70 |
| 74 | Warren, Ron | $ | 6,671.92 |
| 75 | Webster, Daniel | $ | 13,804.09 |
| 76 | Webster, David | $ | 2,259.53 |
| 77 | Yarber, Ralph | $ | 9,726.73 |
| 78 | Zuehlke, Allen | $ | 500.00 |
| | **TOTAL** | $ | **475,000.00** |

# Exhibit B
## FLSA AND WAGE AND HOUR RELEASE

In exchange for the mutual promises and the other good and valuable consideration set forth in the Parties' Settlement Agreement ("Settlement Agreement"), the receipt and sufficiency of which is hereby acknowledged, Plaintiff _____ expressly, knowingly, and voluntarily agrees as follows:

1. Plaintiff was a party to *Lovin v. Hancock Roofing & Construction, LLC d/b/a Hancock Claims Consultants, and Brad Hancock* Case No. 1:15-cv-00540-ELR (N.D. Ga.), which was filed in the United States District Court for the Northern District of Georgia ("the Civil Action"), claiming, *inter alia*, that Hancock Roofing & Construction, LLC, and Brad Hancock ("Defendants") violated the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA").
2. The Parties have executed a Settlement Agreement, agreeing to settle the Civil Action. Notwithstanding this settlement, Defendants deny that they are liable to Plaintiff under the allegations set forth in the Civil Action or any related litigation.
3. Plaintiff has been fully informed about the terms and conditions of this Release and the Parties' Settlement Agreement by Plaintiffs' legal counsel.
4. After carefully considering both the Release and the Settlement Agreement, Plaintiff has elected to participate in the settlement and to execute this Release.
5. By executing this Release, Plaintiff understands the terms and conditions of both the settlement and the Release, knows that Plaintiff is giving up important rights, has elected to participate in the settlement, has signed the Release knowingly and voluntarily, and acknowledges that the election to participate in the settlement and the execution of this Release is not the result of any fraud, duress, mistake, or undue influence.
6. Plaintiff further represents and warrants that Plaintiff has not relied on any inducements, promises, or representations by Defendants or any other person, other than the terms and conditions set forth in this Release and the Parties' Settlement Agreement. By executing this Release, Plaintiff agrees that Plaintiffs' counsel may dismiss Plaintiff's claims with prejudice in the Civil Action.
7. Plaintiff on Plaintiff's behalf and for Plaintiff's spouse, heirs, executors, administrators, representatives and assigns, irrevocably and unconditionally forever releases and discharges releases Defendants from all Claims. "Claims" refers to and includes any and all claims asserted in the Civil Action, and any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about alleged misclassification as independent contractors, or any other wage-related or record-keeping related claims, damages or relief of any kind, including but not limited to those under the FLSA or any other wage-and-hour statutes and regulations of any state.

Signed and executed this ___ day of _____, 2018.

Plaintiff Name: _____

Signature: _____

48264073.1

# EXHIBIT C

### FULTON ACTION COUNTERCLAIMANT RELEASES

In exchange for the mutual promises and the other good and valuable consideration set forth in the Parties' Settlement Agreement ("Settlement Agreement"), the receipt and sufficiency of which is hereby acknowledged, the undersigned Fulton Action Defendant(s) _____ and _____ expressly, knowingly, and voluntarily agree(s) as follows:

1. The undersigned Fulton Action Defendant(s) was/were defendants and counterclaimants in *Hancock Roofing & Construction, LLC d/b/a Hancock Claims Consultants v. Fenn Allen, et al*, Civil Action File No. 2014CV253509 in Fulton Superior Court, State of Georgia ("the Fulton Action").
2. The Parties have executed a Settlement Agreement, agreeing to settle the Fulton Action. Notwithstanding this settlement, the Fulton Action Defendants deny that they are liable to Plaintiff under the allegations set forth in the Fulton Action or any related litigation.
3. The undersigned Fulton Action Defendant(s) has/have been fully informed about the terms and conditions of this Release and the Parties' Settlement Agreement by legal counsel for the Fulton Action Defendants, or if not represented by said legal counsel, have had an opportunity to consult with counsel of their choosing respecting the terms herein.
4. After carefully considering both the Release and the Settlement Agreement, the undersigned Fulton Action Defendant(s) have/has elected to participate in the settlement and to execute this Release.
5. By executing this Release, the undersigned Fulton Action Defendant(s) understand(s) the terms and conditions of both the settlement and the Release, knows that Hancock Roofing & Construction, LLC, Brad Hancock, and Lori Puentes are giving up important rights, has elected to participate in the settlement, has signed the Release knowingly and voluntarily, and acknowledges that the election to participate in the settlement and the execution of this Release is not the result of any fraud, duress, mistake, or undue influence.
6. The undersigned Fulton Action Defendant(s) further represent(s) and warrant(s) that he/they has/have not relied on any inducements, promises, or representations by Hancock Roofing & Construction, LLC, Brad Hancock, Lori Puentes or any other person, other than the terms and conditions set forth in this Release and the Parties' Settlement Agreement. By executing this Release, the undersigned Fulton Action Defendant(s) agree(s) that his/their counsel may dismiss his/their counterclaims with prejudice in the Fulton Action or, if not represented by legal counsel, agree(s) that Plaintiffs' counsel may dismiss on his/their behalf his/their counterclaims with prejudice in the Fulton Action.
7. The Fulton Action Defendants understand that the Parties' Settlement Agreement contains a complete release of claims against the Fulton Action Defendants including all claims brought or that could have been brought in the Fulton Action by Hancock Roofing & Construction, LLC, Brad Hancock, Lori Puentes, and acknowledge said release is good and valuable consideration for the covenants and releases provided herein.

48264073.1

DocuSign Envelope ID: 6F2CBC8D-F594-4F2A-9291-AD7AFEAA8CB1

8. The undersigned Fulton Action Defendant(s) on his/their behalf and for his/their spouse, heirs, executors, administrators, representatives and assigns, irrevocably and unconditionally forever release(s) and discharge(s) Hancock Roofing & Construction, LLC, d/b/a Hancock Claims Consultants, Brad Hancock, and Lori Puentes, and any and all agents, shareholders, employees, representatives, attorneys of or for Hancock Roofing & Construction, LLC, d/b/a Hancock Claims Consultants, Brad Hancock, and Lori Puentes from all Claims. "Claims" refers to and includes any and all claims or counterclaims asserted or which could have been asserted in the Fulton Action, including but not limited to any compulsory or permissive counterclaims for abusive litigation, attorney fees or litigation expenses, unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, retaliation for complaining about alleged misclassification as independent contractors, or any other wage-related or record-keeping related claims, damages or relief of any kind, including but not limited to those under the FLSA, or any other wage-and-hour statutes and regulations of any state, or any other cause of action related to their alleged employment or services for Hancock Roofing & Construction, LLC, d/b/a Hancock Claims Consultants.

Signed and executed this \_\_\_\_\_ day of _____, 2018.

Fulton Action Defendant Name: _____

Signature: _____

Fulton Action Defendant LLC or Inc. Name: _____

Signature: _____

48264073.1